869 F.2d 593
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Rocco FERRANTE, Plaintiff-Appellant,
v.
Otis R. BOWEN, Secretary, Department of Health and Human
Services, Defendant- Appellee.
 No. 88-3907.
 United States Court of Appeals, Fourth Circuit.
 Argued: Nov. 2, 1988.
Decided: Feb. 7, 1989.
 
 Stanley Silverman (Silverman & Silverman, on brief), for appellant.
 Jacquelyn Cusumano, Assistant Regional Council (Beverly Dennis, III, Chief Council, Region III, Charlotte Hardnett, Chief, Social Security Litigation Division, Office of the General Council, Department of Health and Human Services; Breckinridge L. Willcox, United States Attorney, Larry D. Adams, Assistant United States Attorney, on brief), for appellee.
 Before SPROUSE, CHAPMAN and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Rocco Ferrante appeals from a decision of the United States District Court for the District of Maryland affirming a ruling of the Appeals Council, which in turn approved the decision of an Administrative Law Judge ("ALJ"). The district court held that the Secretary's decision that Ferrante was not disabled within the meaning of the Social Security Act was supported by substantial evidence. This case is brought pursuant to 42 U.S.C. Sec. 405(g) (1982) for review of a final decision of the Secretary of Health and Human Services denying Appellant's claim for disability benefits. We affirm.
 
 I.
 
 2
 On February 27, 1985, Ferrante applied for disability insurance benefits under Title II of the Social Security Act, alleging disability because of pain in his back, neck and chest. Ferrante, a brick layer, was struck on the back by a falling piece of plywood at his job site on April 3, 1984. He was taken immediately to a local hospital where he received medical attention. No fractures were detected, and he was given pain medication and released. Ferrante was subsequently treated by Dr. Lawrence Boas for persistent pain. Dr. Boas has noted, as have other reviewing physicians, that he finds no abnormalities which account for the pain Ferrante has purportedly experienced. See Tr. 127.
 
 
 3
 Benefits were denied administratively on June 17, 1985. A disability examiner and reviewing physician determined that, Ferrante's discomfort notwithstanding, he was responding to treatment, did not have a severe disability, and could perform medium work. Upon reconsideration on August 8, 1985, a different disability examiner and reviewing physician reached the same conclusion and benefits were again denied.
 
 
 4
 An ALJ heard Ferrante's case on October 17, 1985, and in a written decision issued on November 25, 1985, granted benefits for a closed period of disability from April 3, 1984 (the date of Ferrante's injury) to June 6, 1985. The ALJ found that while Ferrante was not severely impaired, he was unable to perform his past relevant work due to his pain and restricted motion. The ALJ further ruled that Ferrante was unable to perform any other sedentary work available in the national economy from the time of the injury until June 7, 1985. Following this date, the ALJ held, Ferrante regained the residual functional capacity to engage in a full range of light work activity.
 
 
 5
 On May 28, 1986, the Appeals Council, on its own motion for review, reversed the finding of the ALJ, thus making the Council's reversal the final reviewable decision of the Secretary of Health and Human Services. The Appeals Council stated that the medical evidence failed to show the existence of a medical impairment or that Ferrante was unable to return to his job within twelve months of his injury. On June 11, 1986, Ferrante filed an appeal to the district court.
 
 
 6
 On February 20, 1987, on cross-motions for summary judgment, a U.S. magistrate issued a Memorandum and Order holding that the Appeals Council had erred in finding that Ferrante could perform his past relevant work. The action was remanded for the taking of additional testimony on the extent of Ferrante's exertional and nonexertional disabilities during the months following his injury. The court ordered that once the scope of his then existing limitations was known, a vocational expert should be called to determine whether an individual suffering similar limitations could perform other work, and the specific occupations in which such an individual could be employed.
 
 
 7
 On March 6, 1987, the Appeals Council remanded this action to an ALJ for further proceedings. A supplemental hearing was held on June 11, 1987. A vocational expert, responding to hypothetical questions posed by the ALJ, testified that even admitting certain physical limitations claimed by Ferrante "an individual with impairments such as the claimant's would not have any significant limitations in terms of opportunities for gainful light and sedentary employment." The ALJ found that the Appellant was able to perform a significant number of sedentary jobs of a semi-skilled and unskilled character within a year of his injury. A decision denying benefits was forwarded to the Appeals Council on June 26, 1987. The Appeals Council adopted the findings and conclusions of the ALJ on August 12, 1987.
 
 
 8
 Ferrante once again appealed the ruling of the Appeals Council to the U.S. District Court. The district court, on cross-motions for summary judgment, granted the Secretary's motion.
 
 II.
 
 9
 The Social Security Act provides that disability benefits shall be available to those persons insured for benefits, who are not of retirement age, who properly apply, and who are "under a disability." 42 U.S.C. Sec. 423(d). Congress defined "disability" as
 
 
 10
 (A) inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months ... 42 U.S.C. Sec. 423(d)(i)(A).
 
 The statute further states:
 
 11
 (A) An individual ... shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence (with respect to any individual), "work which exist in the national economy" means work which exists in significant numbers either in the region where such individual lives or in several regions of the country. 42 U.S.C. Sec. 423(d)(2)(A).
 
 
 12
 In an effort to facilitate an uniform and efficient processing of disability claims the Social Security Act has by regulation reduced the statutory definition of "disability" to a series of five questions. These questions are to be asked sequentially during the course of the disability inquiry. 20 C.F.R. Sec. 404.1520, 1520a (1988). An examiner must ask (1) whether the claimant is engaged in a substantial gainful activity, (2) whether the claimant has a severe impairment, (3) whether the claimant has an impairment which equals an illness contained in the Social Security Act listings of impairments, (4) whether the claimant has an impairment which prevents past relevant work, and (5) whether the claimant's impairment prevents him from doing any other work. An affirmative answer to questions 1 or 4 or a negative answer to question 2 result in findings of no disability. Affirmative answers to questions 3 or 5, however, establish disability. 20 C.F.R. Sec. 404.1520.
 
 
 13
 This case relates to the fourth and fifth aspects of this analysis. The first three questions were not disputed in this case. Ferrante does not contest the initial administrative findings that his impairment, although severe, does not meet the test of impairment severity to automatically qualify him for benefits. It is also uncontested that Ferrante was not working at the time of his application for benefits.
 
 
 14
 The scope of judicial review by the federal courts in disability cases is specific and narrow under Sec. 205(g) of the Social Security Act, 42 U.S.C. Sec. 405(g). That section provides that "the findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive...." The function of this Court on review is not to try the Appellant's claim de novo, but rather to leave the findings of fact to the Secretary and to determine upon the whole record whether the Secretary's decision is supported by substantial evidence. King v. Califano, 599 F.2d 597, 599 (4th Cir.1979). Substantial evidence is "more than a mere scintilla of evidence but may be somewhat less than a preponderance" of the evidence presented. Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir.1966). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion and must be sufficient to justify a refusal to direct a verdict were the case before a jury. Id. If there is substantial evidence to support the decision of the Secretary, then that decision must be affirmed. Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir.1972).
 
 A.
 
 15
 Ferrante contends that the medical opinion of his treating physician was not given sufficient weight in the ALJ's decision denying him disability benefits, while inordinate weight was given to the opinion of a nontreating physician.
 
 
 16
 We held in Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir.1986), that the opinion of a nonexamining physician cannot, by itself, serve as substantial evidence supporting a denial of disability benefits when it is contradicted by all of the other evidence in the record. While the Secretary is not bound by the professional opinion of a claimant's treating physician, that opinion is entitled to great weight, for it reflects an expert's judgment based on a continuing observation of the claimant's condition. See also Mitchell v. Schweiker, 699 F.2d 185, 187 (4th Cir.1983); Vitek v. Finch, 438 F.2d 1157, 1160 (4th Cir.1971).
 
 
 17
 Ferrante complains that the name of his treating physician, Dr. Boas, "hardly figures prominently in the decision of the Administrative Law Judge on remand to deny benefits." Appellant's Brief at 30. There is no indication from the decision of the ALJ that Dr. Boas' opinions were not considered. Indeed, the reports of the treating physician were before the ALJ and the decision is consistent with Dr. Boas' reports which support a determination that Ferrante was capable of performing work activity at either light or sedentary levels between the dates of April 3, 1984, and November 1986. Boas' final report, which indicated that permanent disability might have to be considered, was apparently made in reference to the Workers Compensation standard which, unlike Social Security provides compensation for permanent and partial disability. Dr. Boas did not assert that Ferrante was wholly incapacitated for all work as would be required for an award of Social Security disability benefits.
 
 
 18
 Dr. Boas found no abnormalities which account for the continuing pain purportedly experienced by Ferrante. Although Dr. Boas has on several occasions revised his assessment of Ferrante's capacity to return to work, his reports consistently indicate that Ferrante could return to work as long as Ferrante's lifting did not exceed levels which correspond with those described as light and sedentary under the Secretary's regulations. The findings of the Secretary, therefore, are consistent with Dr. Boas' evaluations and recommendations which support a determination that Ferrante's impairment did not prevent him from engaging in employment activity at light and sedentary levels.
 
 
 19
 Furthermore, the orthopedic evaluations of Dr. Stanley Friedler (who twice examined Ferrante), and the reports of virtually all other treating and examining physicians, offer substantial evidence consistent with the ALJ's decision. See Richardson v. Perales, 402 U.S. 389, 402 (1970) (written report by a licensed physician who has examined the claimant may constitute substantial evidence supportive of a finding by the hearing examiner adverse to the claimant). Although the ALJ referred to Dr. Friedler's evaluation, there is no indication from the record that the ALJ relied exclusively on his evaluation (indeed, indications are to the contrary), nor is there evidence that Dr. Boas' reports were disregarded.
 
 
 20
 We concur with the court below that the medical evaluations of both treating and nontreating physicians who examined Ferrante constitute "substantial evidence" supportive of the decision of the ALJ and the Secretary.
 
 B.
 
 21
 Ferrante complains that the courts and reviewers below erred by not giving proper consideration to objective and subjective evidence of pain in their decisions to deny him disability benefits and in their conclusion that he could perform light or sedentary work.
 
 
 22
 This court has held that objective evidence of pain must be carefully considered in reviewing a claimant's application for benefits. Vitek v. Finch, 438 F.2d 1157 (4th Cir.1971). Furthermore, we have acknowledged that "pain itself can be disabling"; and while there must be objective medical evidence of some condition that could reasonably produce the pain, there need not be objective evidence of the pain itself. Foster v. Heckler, 780 F.2d 1125, 1129 (4th Cir.1986) (quoting Green v. Schweiker, 749 F.2d 1066, 1070-71 (3rd Cir.1984)). However, we have cautiously noted that "[p]ain is not disabling per se, and subjective evidence of pain cannot take precedence over objective medical evidence or the lack thereof." Gross v. Heckler, 785 F.2d 1163, 1166 (4th Cir.1986) (quoting Parris v. Heckler, 733 F.2d 324, 327 (4th Cir.1984).
 
 
 23
 The Second Circuit Court of Appeals has similarly warned that "disability requires more than mere inability to work without pain. To be disabling, pain must be so severe, by itself or in conjunction with other impairments, as to preclude any substantial gainful employment. Otherwise, eligibility for disability benefits would take on new meaning." Dumas v. Schweiker, 712 F.2d 1545, 1552 (2d Cir.1983).
 
 
 24
 In the case at bar there is virtually no objective medical evidence to explain Ferrante's complaint of persistent pain. More importantly, the objective medical evidence fails to establish the existence of a condition which could reasonably be expected to cause the degree of pain which would prevent any gainful employment. Ferrante and his treating physician testified to the existence of exertional pain which is consistent with the Secretary's finding that Ferrante is able to work at a light or sedentary level of exertion. It is particularly noteworthy that the treating physician, presumably taking into account his patient's subjective complaints of pain, expressed an opinion that Ferrante was capable of some kind of work. Indeed, Ferrante testified in October 1985 that he felt capable of returning to his job of laying bricks (although he said he was incapable of laying the heavier cement blocks). It was only in the later stages of the review process that Ferrante alleged that he was totally incapacitated.
 
 
 25
 We find that the objective medical evidence, as well as much of Ferrante's own testimony, does not establish a condition of exertional pain which could reasonably be expected to preclude the performance of at least light or sedentary work.
 
 C.
 
 26
 Ferrante also argues that the hypothetical questions concerning his condition put to a vocational expert at the June 11, 1987, hearing before the second ALJ did not include sufficient data for a correct vocational determination to be made. Specifically, Ferrante complains that the hypothetical questions did not properly address his background, training or ability, beyond any situation of injury, and the questions failed to consider evidence of pain and his ability to perform any light or sedentary work on a sustained and consistent basis.
 
 
 27
 Obviously, hypothetical questions must "precisely set out all of the claimant's impairments," O'Leary v. Schweiker, 710 F.2d 1334, 1343 (8th Cir.1983), and the assumptions of the questions, if relied on by the ALJ, cannot ignore the claimant's physical conditions or other pertinent facts in the record. Baugus v. Secretary of Health and Human Services, 717 F.2d 443, 447 (8th Cir.1983).
 
 
 28
 According to Ferrante, the vocational expert did not acknowledge the inability of Ferrante to sit or stand for extended periods in making the determination that Ferrante could perform light and sedentary work within one year of his injury. The vocational expert, however, appropriately acknowledged that he could not testify as to the effects of Ferrante's pain on the performance of certain jobs.
 
 
 29
 The Secretary, in accordance with the objective medical evidence, counters that Ferrante's pain was primarily exertional and, therefore, had no relevance to the opinion of the vocational expert who testified about vocational options involving little or no exertion. The expert was asked by the ALJ whether an individual of the same age, education and work background as the Appellant who is limited to sedentary work and who is burdened by a number of additional nonexertional limitations could perform a variety of listed, unskilled sedentary jobs. We hold that these questions addressed appropriately the board range of Ferrante's limitations as supported by the record. We find no error in the presentation of the hypothetical questions relied on by the ALJ.
 
 D.
 
 30
 Finally, Ferrante claims that the Secretary failed to meet his burden of showing that alternate work, which Ferrante was capable of performing, was available in the national economy. Once it has been established that a claimant is unable to perform his past relevant work, the burden shifts to the Secretary to show that alternate work which the claimant can physically perform exists in significant numbers in the national economy. See Hall v. Harris, 658 F.2d 260, 264 (4th Cir.1981).
 
 
 31
 The Secretary must establish that the claimant has both the physical and vocational capability to perform other work. Vocational capability is assessed in the light of the claimant's age, education and work experience. 20 C.F.R. Sec. 404.1561, and involves an evaluation of the physical exertion that claimant is capable of and the vocational skills he possesses. Dumas v. Schweiker, 712 F.2d 1545, 1551 (2d Cir.1983).
 
 
 32
 Ferrante contends that given his limited education, experience and background, together with his persistent pain, it is doubtful he could perform light or sedentary work. We are persuaded, however, by the Secretary's argument that the burden of demonstrating Ferrante's ability to return to gainful employment was met by the testimony of the vocational expert. See 20 C.F.R.Pt. 404, Subpt. P, App. 2. When the district court remanded this case to the ALJ it specifically called for a vocational expert to testify "concerning whether an individual suffering similar limitations could perform other work, and the specific occupation in which such an individual could be employed." We agree that the Secretary met this burden of showing that alternate work was available by producing expert vocational evidence. The ALJ did not err when he determined, based on expert vocational testimony, that even with additional environmental limitations, significant numbers of alternate sedentary jobs which Ferrante could perform existed in the national economy, including most of those unskilled sedentary jobs which are contemplated by the federal regulations.
 
 III.
 
 33
 For the reasons stated above, we affirm the ruling of the district court.
 
 
 34
 AFFIRMED.